UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE COLLIER,

                Plaintiff,

-against-

LOCAL UNION PLUMBER NO. 1; IPSIG;
KROLL; INDEPENDENT HEARING
OFFICER,

                Defendants.

18-CV-7992 (LLS)

ORDER TO SHOW CAUSE

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint asserting sex discrimination claims. By order dated December 29, 2019, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on February 26, 2019, and the Court has reviewed it. For the reasons set forth below, the Court orders Plaintiff, within 30 days, to show cause why the Court should not dismiss the action as untimely.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The original complaint named as Defendants the New York State Attorney General's Office (AG's Office), the Organized Crime Task Force, Plumbers Local Union No. 1 (Local 1), IPSG or IPSIG, Kroll, and an Independent Hearing Officer. The complaint contained the following allegations. As a female union member, Plaintiff was regularly subjected to sexual harassment, a hostile work environment, and an unfair hiring referral process that excluded her and other women from gaining equal access to work assignment referrals through the union. The AG's office breached its duty to enforce provisions of an agreement that was supposed to "mak[e] women inclusive in hiring" under the collective bargaining agreement (CBA). Defendants "committed fraud and misconduct" by issuing a false report regarding "the implementation of the" CBA. Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1983; the False Claims Act; New York Exec. Law § 63; New York Labor Law § 811; and 12 NYCRR 600.1. Plaintiff sought money damages.

In the December 29, 2018 order to amend, the Court held that Plaintiff's complaint did not comply with federal pleading rules because it did not provide clear facts showing that she was entitled to relief from any Defendant. The Court elaborated that: (1) Plaintiff could not state § 1983 claims against the private defendants; (2) the Eleventh Amendment barred Plaintiff's claims against the AG's Office and the Organized Crime Task Force; (3) Plaintiff had not provided sufficient facts to state a Title VII claim against the union; (4) it was not clear why Plaintiff named Kroll, the IPSIG, or the IHO, or whether she could state any claims against those Defendants; and (5) Plaintiff could not bring a claim under the False Claims Act *pro se*. The

Court reserved judgment on whether to exercise its supplemental jurisdiction over any state law claims. *See* 28 U.S.C. 1367.

In the amended complaint, Plaintiff alleges that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. (ECF No. 8.) The amended complaint provides more details, which offer some clarity about what occurred, but Plaintiff's allegations are substantially similar to those set forth in the original pleading. Plaintiff, who is now retired, alleges that during her working life, she and other women plumbers were denied the same job opportunities as male plumbers, and subjected to sexual harassment and hostile work environments. According to Plaintiff, women of color were particularly targeted for unequal treatment. (*Id.* at 17.)

Attached to the amended complaint is a 2003 agreement between the AG's Office and Local 1 (the AG agreement), the purpose of which was to "uncover and deter corruption of or criminal influence over Local 1 of any kind whatsoever while preserving Local 1's integrity and continued effectiveness as a representative of its membership," and to enforce "fair and non-discriminatory implementation" of the rules. (ECF No. 8 at 22, 24.) Under the AG agreement, Defendant Kroll was selected to serve as the Independent Private Sector Inspector General (IPSIG), and Edward A. McDonald, Esq., was named Independent Hearing Officer (IHO). (*Id.* at 22-25.) It appears that Plaintiff names Kroll, the IPSIG, and the IHO as Defendants in this action because of their connection to the AG agreement.

Also attached to the amended complaint is a July 22, 2012 letter from Plaintiff to Thomas M. Dowd, whom Plaintiff does not identify. In the letter, Plaintiff alleges that Dowd never responded to eleven complaints she had filed with the Office of Federal Contract Compliance

Programs (OFCCP) (*Id.* at 19-20.) In a February 15, 2012 letter from the United States Department of Labor (DOL) to Plaintiff regarding her OFCCP complaints, the DOL stated that it was issuing Plaintiff a notice of right to sue. (*Id.* at 38-39.)

Other attachments to the amended complaint include 2012 correspondence between Plaintiff, the DOL, Local 1, and the AG's Office, a 2004 article from an unidentified publication regarding corruption in Local 1 and the AG agreement; an undated notice from Kroll and IPSIG James Bucknam encouraging union members to report "any evidence of criminal activity"; Plaintiff's work history through the union from 1999 through 2003; and a chart of women in the union from 1989 through 2004. (*Id.* at 19-20, 36-39, 41-42, 45-49, 51, 55).

Plaintiff previously filed a complaint against Local 1 and two of its officials in another court. *See Collier v. Plumbers Union Local 1*, No. 05-CV-2191 (E.D.N.Y. June 7, 2007) (granting summary judgment to Defendants).[1]

## DISCUSSION

### A. Kroll, IPSIG, and IHO

In the December 29, 2018 order to amend, the Court dismissed Plaintiff's Title VII claims against Kroll, the IPSIG, and the IHO for failure to state a claim. The amended complaint makes clear that Kroll was selected to be the IPSIG under the AG agreement, and that neither Kroll nor the IHO employed Plaintiff or represented her in any capacity. Plaintiff appears to name them because they were parties to the 2003 AG agreement. The Court discern any Title VII or other

---

[1] Attached to the complaint in the Eastern District case is a Notice of Right to Sue from the Equal Employment Opportunity Commission, naming Local 1 as the respondent, which is dated January 31, 2005.) (No. 05-CV- 2191, ECF No. 1 at 16.). As already noted, the Eastern District judge granted summary judgment to Defendants in that case.

federal claims arising from her allegations against them. Plaintiff's claims against these Defendants are dismissed for failure to state a claim on which relief may be granted.

**B.     Local 1**

To state a Title VII claim against a labor union, a plaintiff must allege that (1) the union took adverse union action against the plaintiff, and (2) the plaintiff's race, color, religion, sex, or national origin was a motivating factor in the adverse union action. *See Yerdon v. Henry,* 91 F.3d 370, 377 (2d Cir. 1996) (holding that to prevail on a retaliation claim under Title VII, a plaintiff "must demonstrate the existence of a union action by which she was disadvantaged as well as a causal connection between that action and the protected activity").

As a precondition to filing suit under Title VII, a plaintiff must first file a timely charge and obtain a notice of right to sue. *See* 42 U.S.C. § 12117(a); *see also Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 146 (2d Cir. 2012). A civil action must be commenced within 90 days of receiving the notice of the right to sue. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within ninety days of notification of right to sue).

While "the burden of pleading and proving Title VII exhaustion lies with defendants and operates as an affirmative defense," *Hardaway v. Hartford Pub. Works Dep't,* 879 F.3d 486, 491 (2d Cir. 2018), a court may consider or even dismiss a complaint where the existence of the affirmative defense is plain from the face of the pleading, *see Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[B]oth the Supreme Court and the Second Circuit have long held that courts may dismiss actions on their own motion in a broad range of circumstances where they are not explicitly authorized to do so by statute or rule."); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (finding that dismissal can be based on an affirmative defense (statute of limitations) that was clear on the face of the complaint); *Pino v.*

5

*Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal that was based on an affirmative defense (statute of limitations) that was clear on the face of the complaint); *see also McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) (if nonexhaustion is clear on the face of the complaint, dismissal on that basis is appropriate). *But see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (holding that before dismissing complaint *sua sponte* on statute of limitations grounds, district court should provide a litigant with notice and opportunity to be heard to present tolling argument).

Even if the Court assumes that Plaintiff provides sufficient facts to state a Title VII claim against Local 1, this action appears to be untimely. A letter attached to the amended complaint indicates that Plaintiff received a notice of right to sue on or about February 15, 2012. (*Id.* at 38-39.) Plaintiff filed this action on August 30, 2018, years beyond the ninety-day time limit. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within ninety days of notification of right to sue). Plaintiff asserts that she is now retired, and documentation attached to the complaint suggest that the events giving rise to this action are not current. While the Court is sympathetic to Plaintiff's claims regarding the challenges she faced as a woman working in a male-dominated trade, her Title VII claims cannot proceed if they are untimely, or if they were previously litigated.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff an opportunity to explain why her Title VII claim against Local 1 should not be dismissed as untimely.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file a declaration that sets forth any facts showing that her claims are timely. Plaintiff must submit the declaration to this Court's Pro Se Intake Unit within

30 days of the date of this order, and label the document with docket number 18-CV-7992 (LLS). A declaration form is attached to this order. No summons will issue at this time.

If Plaintiff timely files a declaration, the Court will review it, and if proper, order service on the defendant. If Plaintiff fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will dismiss as barred under the doctrine of claim preclusion and as time-barred.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 18, 2019
       New York, New York

                                                    Louis L. Stanton
                                                    U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| _____ | _____ |
| Executed on (date) | Signature |

| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |

| _____ | _____ |
| Address                City | State    Zip Code |

| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |