UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE COLLIER,

                Plaintiff,

-against-

LOCAL UNION PLUMBER NO. 1; IPSIG; KROLL; INDEPENDENT HEARING OFFICER,

                Defendants.

18-CV-7992 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint asserting sex discrimination claims. By order dated April 18, 2019, the Court directed Plaintiff to show cause why the amended complaint should not be dismissed as untimely. Plaintiff filed a response on May 21, 2019, and the Court has reviewed it. The amended complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The original complaint, filed on August 30, 2018, named as Defendants the New York State Attorney General's Office (AG's Office), the Organized Crime Task Force (OCTF), Plumbers Local Union No. 1 (Local 1), IPSG or IPSIG, Kroll, and an Independent Hearing Officer. The complaint contained the following allegations. As a female union member, Plaintiff was regularly subjected to sexual harassment, a hostile work environment, and an unfair hiring referral process that excluded her and other women from gaining equal access to work assignment referrals through the union. The AG's office breached its duty to enforce provisions of a 2003 agreement that was supposed to "mak[e] women inclusive in hiring" under the union's collective bargaining agreement (CBA). Defendants "committed fraud and misconduct" by issuing a false report regarding "the implementation of the" CBA. Plaintiff asserted claims under Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1983; the False Claims Act; New York Exec. Law § 63; New York Labor Law § 811; and 12 NYCRR 600.1. Plaintiff sought money damages.

In the December 29, 2018 order to amend, the Court held that Plaintiff's complaint did not comply with federal pleading rules because it did not provide facts showing that she was entitled to relief from any Defendant. The Court elaborated that: (1) Plaintiff could not state § 1983 claims against the private defendants; (2) the Eleventh Amendment barred Plaintiff's claims against the AG's Office and the OCTF; (3) Plaintiff had not provided sufficient facts to state a Title VII claim against the union; (4) it was not clear why Plaintiff named Kroll, the IPSIG, or the IHO, or whether she could state any claims against those Defendants; and (5) Plaintiff could not bring a claim under the False Claims Act *pro se*. The Court reserved judgment

on whether to exercise its supplemental jurisdiction over any state law claims. *See* 28 U.S.C. 1367. The Court noted that Plaintiff had previously filed a complaint against Local 1 and two of its officials. *See Collier v. Plumbers Union Local 1*, No. 05-CV-2191 (E.D.N.Y. June 7, 2007) (granting summary judgment to Defendants).

In the amended complaint, Plaintiff alleged that Defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. (ECF No. 8.) The amended complaint provided more details, which offered some clarity about what occurred, but the allegations were substantially similar to those set forth in the original pleading. Plaintiff, who is now retired, alleged that during her working life, she and other women plumbers were denied the same job opportunities that male plumbers had enjoyed, and were subjected to sexual harassment and hostile work environments. According to Plaintiff, women of color were particularly targeted for unequal treatment. (*Id.* at 17.) Attached to the amended complaint were documents from 2003 through 2012.

In the order to show cause, the Court dismissed Plaintiff's claims against Kroll, IPSG, and IHO for failure to state a claim. The Court held that any Title VII claims against Local 1 that had not previously been litigated in the Eastern District action appeared to be untimely. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within ninety days of notification of right to sue). The Court recognized the challenges confronting Plaintiff and other women in male-dominated trades, but held that Plaintiff's claims could not proceed if they were untimely or if they had been previously litigated. (ECF No. 9 at 6.) The Court directed Plaintiff to show cause why the complaint should not be dismissed.

In her declaration, Plaintiff asks the Court to allow this untimely matter to proceed because the federal statutes relevant to this matter were "designed to protect the litigants who [are] unskilled in law." (ECF No. 10 at 1.) Plaintiff attaches documents relating to a 2011 case that she filed in the Court of Claims against New York State, arising out Defendants' alleged failure to enforce the terms of the 2003 agreement. That court dismissed Plaintiff's claim on March 28, 2017. (*Id.* at 13-22.) Plaintiff also attaches a notice of appeal that counsel prepared for Plaintiff in that case. (*Id.* at 7-11.) Plaintiff asserts that:

> I tried contacting [the attorney] by phone at his office but he doesn't work there anymore. I was unable to find out what was going on with his representation in this case. However, I have diligently been fighting for my rights for a long time and the last proceeding was in July of 2017 under my previous contract and the federal law against hostile environment which is a claim in nature arising under 1981 inclusive of a[n] Act of Congress 28 USC 1658 catch-all in employment and allows a four year statute and therefore plaintiff should be allowed to proceed.

(*Id.* at 3.)

## DISCUSSION

Plaintiff's Title VII claims are dismissed for the reasons set forth in the April 19, 2019 order to show cause.

Plaintiff asserts for the first time a claim under 42 U.S.C. § 1981. To state a claim under § 1981, a plaintiff must allege that she "is a member of a racial minority," that the defendant discriminated against her because of her race, and the discrimination concerned one or more of the activities enumerated in the statute, such as making and enforcing a contract. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). At-will employment is a "contractual relationship within the meaning of § 1981." *Lauture v. Int'l Bus. Machines Corp.*, 216 F.3d 258, 261 (2d Cir. 2000). A § 1981 claim must be filed within four years of the discrimination. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Section 1981

4

claims accrue when a plaintiff knows or has reason to know of the injury which forms the basis of those claims. *See Washington v. Cnty. of Rockland,* 373 F.3d 310, 319 (2d Cir. 2004).

Even if the Court assumes for purposes of this order that Plaintiff can state a § 1981 claim, the complaint is untimely, and Plaintiff has failed to show that this matter should not be dismissed on statute-of-limitations grounds.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, and note service on the docket. The amended complaint is dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 6, 2019
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.